UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

QUINTIN A. NOWLIN,

        Plaintiff,

   -v-                                                    18-CV-149S
                                                               ORDER
PATRICK CONNOLLY, et al.,

        Defendants.
_____

## INTRODUCTION

Before the Court is *pro se* Plaintiff Quintin A. Nowlin's amended complaint seeking relief under 42 U.S.C. § 1983. (Docket No. 6 ("Amended Complaint")). Plaintiff alleges that, while he was incarcerated at Wende Correctional Facility ("Wende CF") in 2013 and 2014, Defendants denied him access to the courts because the photocopier was unavailable when he needed it. This unavailability allegedly caused Plaintiff's civil action in state court to be dismissed, as more particularly set forth in the amended complaint. For the reasons discussed below, the amended complaint must be dismissed.

## DISCUSSION

Sections 1915 (e)(2)(B) and 1915A (a) of 28 U.S.C. require the Court to conduct an initial screening of this amended complaint. In evaluating the amended complaint, the Court must accept as true all of the factual allegations and must draw all inferences in Plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). While "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must

1

meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted)).

Plaintiff brings this action under 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)).

**Plaintiff's Allegations**

Plaintiff brings claims of denial-of-access-to-court and conspiracy against Defendants, claiming that Defendants' actions caused Plaintiff's lawsuit to be dismissed for failure to meet the filing deadline for an appeal from the dismissal of a state court civil action.

Plaintiff states that on April 25, 2013, a Justice of the New York State Supreme Court dismissed his civil lawsuit, arising from a traffic accident, because he failed to appear for medical examinations due to his incarceration. (Amended Complaint at 11.) Plaintiff appealed to the Appellate Division, Fourth Department, which a filing deadline of September 23, 2014. (*Id.* at 12.) "At this critical time, the copy machine in the Facility's law library did not work." (*Id.*) Plaintiff wrote to Defendant Crowley, Deputy Superintendent of Programs, on August 24, 2014, noting the issue with the copier. (*Id.*)

2

On September 19, 2014, Plaintiff alleges that Officer Wilson refused to make more than $5.00 worth of copies without a direction from a sergeant. (*Id.* at 13.) Plaintiff later made his copies, consisting of many thousands of pages.

Plaintiff was able to make his copies, but they arrived at the Appellate Division, Fourth Department, one day after the deadline, on September 24, 2014, and were rejected. (*Id.* at 17.) The Appellate Division, however, rejected Plaintiff's papers both because they were late, and because Plaintiff had not served the opposing party or included the necessary proof of service with his filing. (*Id.*) Plaintiff concedes that he did not serve the defendants in that case. (*Id.*) Plaintiff attributes his failure to serve the opposing party to the actions of Defendants herein, but does not explain by what means Defendants enabled Plaintiff to provide 11 copies of a 350-page record to the Appellate Division, but prevented him from completing proper service. (*Id.*)

Plaintiff submitted a motion to the Appellate Division on October 22, 2014, requesting "permission to file a late appeal." (*Id.* at 20.) The Appellate Division rejected Plaintiff's application to vacate the dismissal of his appeal by order dated November 21, 2014, because his application was untimely and because he again failed to serve the defendants as required. (*Id.*) On January 19, 2015, Plaintiff filed a motion for re-argument regarding his application for late filing. (*Id.*) The Appellate Division denied Plaintiff's request by order dated April14, 2015. (*Id.*) Plaintiff alleges that Defendants conspired to prevent him from filing in time to meet the deadline for his appeal, and alleges generally that they were also responsible for his failure to serve the defendants in his state court lawsuit.

**Statute of Limitations**

The statute of limitations for actions brought pursuant to 42 U.S.C. § 1983 in New York State is the 3-year period provided for in New York's CPLR § 214 (2). *Owens v. Okure*, 488 U.S. 235, 251 (1989); *Jewell v. County of Nassau*, 917 F.2d 738, 740 (2d Cir. 1990). In addition, federal courts are required to borrow New York's rules for tolling the statute of limitations unless the rules are inconsistent with federal law. *Bd. of Regents of Univ. of State of New York v. Tomanio*, 446 U.S. 478, 487-491 (1980). Plaintiff was granted the opportunity to amend his complaint to show that his filing was timely.

Plaintiff's complaint, which was signed on January 23, 2018, relates to alleged wrongs that occurred no later than November 21, 2014. Plaintiff's attempt to reargue the dismissal of his appeal, denied on April 14, 2015, did not toll the limitations period. *See generally Abbas*, 480 F.3d at 641 (filing of Article 78 proceeding did not toll the limitations period) (more recent conduct by the defendant, relied upon by the plaintiff to set a later start for measuring the limitations period, "neither constituted actionable conduct by [the defendant], nor reinstituted the harmful effects of earlier actionable conduct by any of the defendants."). The motion to reargue the dismissal of the appeal constituted neither actionable conduct by any defendant nor reinstituted the harmful effects of earlier actionable conduct by any defendant.

Based on this, the 3-year time period during which Plaintiff could properly bring his claims expired no later than November 21, 2017, well before Plaintiff filed this action on January 23, 2018. Plaintiff has set forth no basis to toll the limitations period, *see* Article 2 of New York's CPLR. His action must therefore be dismissed as barred by the statute of limitations.

**Analysis of Plaintiff's Claims**

Even were his action timely, Plaintiff has failed to set forth allegations of a constitutional violation. While it is true that under the Constitution a correctional facility must provide an inmate with meaningful access to the courts, *Bounds v. Smith*, 430 U.S. 817, 828 (1977), the mere limitation of access to legal materials and tools, without more, does not state a constitutional claim, as "the Constitution requires no more than reasonable access to the courts." *Jermosen v. Coughlin*, 877 F. Supp. 864, 871 (S.D.N.Y. 1995). To state a constitutional claim, a plaintiff must make a showing that he has suffered, or will imminently suffer, actual harm; that is, that he was hindered in his efforts to pursue a non-frivolous legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). *Accord Morello v. James*, 810 F.2d 344, 347 (2d Cir. 1987). Further, the defendants' actions cannot be merely negligent, they must be "deliberate and malicious." *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003).

Plaintiff has shown that he has suffered an actual injury to an apparently non-frivolous legal proceeding. But his allegations do not show that the injury is traceable to the challenged conduct of prison officials. Taking Plaintiff's allegations as true, they show that his filing at the Appellate Division, Fourth Department, was rejected both because it was one day late and because he had failed to include necessary proof that he had served the defendants in that case. *See, e.g., Smith v. O'Connor*, 901 F. Supp. 644, 649 (S.D.N.Y. 1995) (destruction of legal papers). Plaintiff's papers were necessarily rejected by the Appellate Division because he failed to meet the requirement of proving that he had served the opposing party. Defendants did not cause the harm, because even if Plaintiff's papers had been timely filed, they would have been rejected. *See, e.g.,*

5

*Whitfield v. Imperatrice*, 477 F. App'x 806, 808 (2d Cir. 2012) (delay in producing materials did not hinder plaintiff's ability to pursue post-conviction relief, state court ultimately denied his § 440.10 motion based on a finding that his claims were procedurally barred) (Summary Order).

Plaintiff's allegation that Defendants permitted him to make eleven copies of his voluminous filing for the court, yet were somehow responsible for his failure to serve the opposing party, is wholly conclusory and therefore inadequate. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Even if this action had been brought in a timely manner, Plaintiff's allegations that Defendants hindered him in his efforts to pursue a non-frivolous legal claim are insufficient to state a claim on which relief may be granted.

## **ORDERS**

IT HEREBY IS ORDERED, that Plaintiff is granted permission to proceed *in forma pauperis*;

FURTHER, that the amended complaint is dismissed with prejudice for failure to state a claim on which relief may be granted;

FURTHER, that the Court hereby certifies, pursuant to 28 U.S.C. § 1915 (a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on

motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

DATED: May 14, 2018
Buffalo, NY

/s/William M. Skretny
William M. Skretny
United States District Judge